UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHERRON MARIE PHILLIPS, | Case No. 18-CV-3275 (JRT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| NANETTE BARNES,<br>Warden FCI Waseca, | |
| Respondent. | |

A jury sitting in the United States District Court for the Northern District of Illinois found petitioner Cherron Marie Phillips "guilty of ten counts of retaliating against a federal judge or law enforcement officer by lodging false or fraudulent liens against multiple individuals or entities in violation of 18 U.S.C. § 1521 and 1522." *Phillips v. United States*, No. 17-CV-1338 (MJR), 2017 WL 3531677, at *1 (N.D. Ill. Aug. 17, 2017). The trial court sentenced Phillips to an 84-month term of imprisonment, which she is currently serving at the Federal Correctional Institution in Waseca, Minnesota. Phillips now challenges the validity of her conviction and sentence through a petition for a writ of habeas corpus.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . ." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. See 28 U.S.C.

1

§ 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present [her] claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Phillips argues in her habeas petition that her conviction was invalid for two reasons: (1) the conduct for which she was convicted is protected by the First Amendment; and (2) the statute pursuant to which she was convicted has not been validly enacted by Congress, and thus the trial court lacked jurisdiction over her. Not only *could*

2

Phillips have raised these claims in a motion brought under § 2255, but she *did* raise these claims (any many others) under § 2255.  *See Phillips*, 2017 WL 3531677, at *6-7.  The fact that those claims were rejected — both for being untimely and on the merits — does not mean that § 2255 was "inadequate or ineffective" within the meaning of § 2255(e).  *See Lurie*, 207 F.3d at 1077.  Phillips was not precluded from testing the legality of her conviction through § 2255, and thus that provision is the exclusive means through which she may raise her claims.  *See* 28 U.S.C. § 2255(e).  Accordingly, her habeas petition must be dismissed without prejudice for lack of jurisdiction.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus of petitioner Cherron Marie Phillips [ECF No. 1] be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Date:  December 12, 2018

s/David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).