Cherron Marie Phillips
FCI Waseca #45209-424
P.O. Box 1731
Waseca MN 56093

RECEIVED BY MAIL
JAN -3 2019
CLERK, U.S. DISTRICT COURT
DULUTH, MINNESOTA

UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

Cherron Marie Phillips
    Petitioner

Case No. 18-cv-3275 (JRT/DTS)

v.

Nanette Barnes, FCI Waseca Warden
    Respondent

REPORT AND RECOMMENDATIONS
**OBJECTIONS**

Petition

Petitioner hereinafter as Phillips,,approach this court with her objections duly affirmed as executed before the clerk who adminsiters oaths for verification of all statements under penalty of perjury to object to the Report and Recommendations of Magistrate David T. Schultz and to state the following:

On November 20, 2018, Phillips filed her Writ of Habeas Corpus in this court.

On December 17, 2018, Phillips received a Report and Recommendation to dismiss the writ of habeas corpus, without prejudice, for lack of jurisdiction, indicating that Phillips was not precluded from testing the legality of her conviction through §2255 proceedings and that provision is the exclusive means through which she may raise her claims. The report acknowledges that Phillips did file a §2255 and that it was dismissed in August of 2017.

Phillips filed a Notice of Appeal in case#17-cv-1338 on October 6, 2017 to the final and appealable order issued in the case on September 21, 2017 by Judge Micheal J. Reagan.

The §2255 in case #17-cv-1338 was dismissed on appeal on December 17, 2018. See Seventh Ciruit Court of Appeals case nos. 17-3404, 18-2163.

Phillips raised constitutional and actual innocence claims in the §2255 stating 1) that she engaged in activity protected by the First Amendment; 2) the charged act Title 18 USC §1521 fails to comply with the enrolled bill rule, where its authentication represents a bill that has passed Congress as complete and

1

SCANNED
JAN 03 2019
U.S. DISTRICT COURT DULUTH

SunTimes Newspaper, July 31, 2014 issue, that two members of a crew of rogue police officers were convicted of home invasions and rip-offs of drug dealers between 2001-2006. The article quoted the officer stating "my bosses knew what I was doing out there" at his sentencing in 2011 when he received his sentence. His department was directly involved in case# 06-cr-778 in 2006.

Phillips makes the point that NONE of the property seized was return neither did it prove to be part of their case investigation. The Fourth Amendment operates as a limitation on the exercise of federal power. "Where federally protected rights have been invaded...it has been the rule that courts will be alert to adjust their remedies to grant the neccessary relief. Damages have historically been regarded as the ordinary remedy for the invasion of personal interest in liberty." Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics 403 U.S 388, 29 Led 2d 619 (1971)

The conviction and sentence in case #12-cr-872 was "contrary to clearly established federal law in that its decision contradicted applicable Supreme Court precedent in reasoning or result." Williams v. Taylor 529 U.S. 362. 405, 146 Led 2d 389 (2000); Davis v. Norris 423 F.3d 868, 874 (8th Cir. 2005)

Phillips maintains that her conduct was constitutionally protected when she filed claims against the malfeasance by the individuals involved in case# 06-cr-778 where her personal property was unlawfully seized without authority and the charged act failed to comply under the enrolled bill rule.

Phillips maintains that her complaint against the judge and the prosecutor in this case seeking judicial redress was constitutionally protected and that the filing of the complaints was the motivating factor for the detention order issuued on June 18, 2014, where the judge labeled Phillips a "paper terrorist" and a "danger to the community" based on constitutionally protected conduct.

The First Amendment guarantees of freedom of speech and of the press prohibits a public official from recovering damages for a defamatory falsehood relating to

3

his official conduct unless he proves that the statement was made with "actual malice", with knowledge that it is false, or with reckless disregard for whether its false or not. This rule has been extended to criminal prosecutions and has been clarifed in civil cases. N.Y. Times Co. v. Sullivan 376 U.S. 254, 11 Led 2d 686 (1964); Phelps-Roper v. Ricketts 867 F.3d 883 (8th Cir. 2017)

The Report and Recommendation states the savings clause applies very narrowly and goes on to deny the writ by stating it is not enough to show that a motion under §2255 would now be untimely, or that the motion would now require authorization due to being "second or successive", citing United States v. Lurie 207 F.3d 1075, 1077 (8th cirt.2000)

Phillips does not make these claims. Phillips contends that the §2255 is "inadequate or ineffective" becaue she has been procedurally obstructed from an effective collateral review where she claims actual innocence.

The role of the habeas corpus is to determine the legality of executive detention. A procedural device for subjecting executive, judicial or private restraints on liberty to judicial scrutiny, that a person may require his jailer to justify the detention under the law. Peyton v. Rowe 391 U.S. 54, 20 Led 2d 426 (1968); Smith v. Groose 205 F.3d 1045 (8th Cir. 1999)

Phillips maintains that since her detention is not the basis of an "act of Congress", where the charged act Title 18 USC§1521 is incomplete and fails to comply under the enrolled bill rule, shse is being subjected to executive and private restraints on her liberty.

Phillips is invoking the savings clause where a federal prisoner may attack her conviction or sentence through §2241 if she establishes that the remedy under §2255 is inadequate or ineffective. 28 USC §2255(e)

Title 28 USC §2241 relief is available to Phillips where she is in custody in violation of the constitution and claims actual innocence. 28 USC §2241 (c)(3); Peyen v. Jett 610 Fed. Appx. 594 (8th Cir. 2015)

Phillips maintains the §2255 has proved to be inadequate where the Executive

4

Committee established by local rules of the United States District Court NDIL has deemed Phillips a restricted filer without a hearing on that matter prohibiting her filings and in violation of due process.

Phillips has opposed the Executive Committee Orders and has motioned the Seventh Circuit District Court to stay the actions of the Executive Committee pending the action on appeal. See USDC NDIL Case #11-cv-776; Appeal #18-2164

Since the re-docketing of her §2255 as case no 17-cv-1338, Phillips has continuously received Executive Committee Orders either restricting her filings or delaying her case proceedings in addition to re-characterizing her communications to the court.

Under LOCAL RULE Appendix C NDIL: all cases filed by plaintiff pro-se **except** petitions for writ of habeas corpus and other cases filed by persons in custody, shall be assigned to the Executive Committee for consideration prior to the assignment thereof to the calendar of an individual judge.

Phillips is currently in custody and has petitioned this court for writ of habeas, therefore her petitions in that court should not be before the Executive Committee for consideration prior to the assignment on the calendar of an individual judge.

Phillips continues to be adversely affected where 2 (two) of her motions are currently pending before the Executive Committee dated and submitted in July 2018. The statutory requirement is that local rules promulgated[pursuant to 28 USC 2071(a)]be consistent with acts of Congress and the rules prescribed by the Supreme Court. The Executive Committee is inconsistent with this rule.

The Executive Committee's interference with the §2255 proceedings has unfairly prejudiced Phillips ability to defend herself, to file petitions or other extraordinary writs, or to appeal to this court or the Supreme Court making it "ineffective" and creating "a structural problem in the §2255 foreclosing even one round of effective collateral review", where Phillips has claimed actual innocence. Taylor v. Gilkey 314 F.3d 832 (7th Cir. 2002); Abdullah v. Hedrick 392 F.3d 957

5

(8th Cir. 2004)

Title 28 USC §2241 relief is available to Phillips where the earlier proceedings presented a fundamental error equivalent to actual innocence. A petitioner cannot be denied the opportunity to prove the truth of the allegations she makes if those allegations, entitle her as a matter of law to release from restraint. Since Phillips has shown probable cause, the writ of habeas corpus can not be denied to the applicant since its granting is made an imperative duty by statute. She has established §2255 is inadequate where she is detained under executive and private retraints on her liberty and property.

WHEREFORE, Phillips moves this honorable court for writ or order to show cause to be directed to Nanette Barnes having custody of petitioner. That it shall be returned within three days unless for good cause additional time, not exceeding 20 days is allowed.

Respectfully Submitted

By: *[signature]*
Cherron Marie Phillips
All Rights Reserved

This area intentionally left blank

Verification

I Cherron Marie Phillips declare under penalty of perjury under the laws of the United States of America that I have first hand knowledge hereto and to the best of my knowledge and belief all matters are true and correct. Executed on this December 27, 2018

By: *[signature]*
Cherron Marie Phillips
All rights reserved

Acknowledgement

On this date in Waseca Minnesota, Cherron Marie Phillips who is known and identified to me, appeared and executed the foregoing of her own free will duly affirmed under penalty of perjury. Done this December 27, 2018.

*[signature]* 12/27/18
FCI Waseca Staff ( Seal)



AMANDA MAE KOZIOLEK
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2022

Certificate of Service

This is to certify that I have served a true and correct copy of the foregoing OBJECTIONS to the Report and Recommendations of Magistrate David T. Schultz to the following address by placing the same in a sealed envelope bearing sufficient postage for delivery via the U.S.P.S. by legal mail provided at FCI Waseca on December 31st, 2018.

"Litigation is deemed FILED at the time it was delivered to prison authorities."
Houston v. Lack 487 U.S. 266 (1988)

⇔45209-424⇔
U S Dist Court Minn
515 W 1ST ST
Office of the Clerk
Duluth, MN 55802
United States

By:/s/ Cherron Marie Phillips
All Rights Reserved

2