# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| CHERRON MARIE PHILLIPS, | Civil No. 18-3275 (JRT/DTS) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| WARDEN NANETTE BARNES, | |
| Defendant. | |

Cherron Marie Phillips, Reg. No. 45209-424, FCI Waseca, P.O. Box 1731, Waseca, MN 56093, *pro se* plaintiff.

Ana H. Voss and Ann M. Bildtsen, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant.

Petitioner Cherron Phillips was convicted by a jury of retaliating against a federal judge or law enforcement officer in violation of 18 U.S.C. § 1521 and 1522 in the United States District Court for the Northern District of Illinois. *Phillips v. United States*, Civ. No. 17-1338-MJR, 2017 WL 3531677, at *1 (N.D. Ill. Aug. 17, 2017). She was sentenced to a term of imprisonment of 84 months. *Id.* at *2.

Phillips subsequently filed a 28 U.S.C. § 2255 motion in the Northern District of Illinois seeking to collaterally attack her sentence. *See generally id.* She asserted a number of arguments, including that the statute she was convicted of violating was unconstitutional and that the statute had not been properly enacted by Congress. *Id.* at *2. Although the

Northern District of Illinois made no mention of it, Phillips asserts she also argued that the conduct underlying her conviction was protected by the First Amendment. (Obj. to R. & R. at 1, Jan. 3, 2019, Docket No. 4.)

Although Phillips's motion was foreclosed by the one-year statute of limitations and was procedurally deficient because Phillips had not appealed the issues she was then asserting, the court considered the merits of her arguments and denied her claims. *Id.* at *7. Phillips appealed the denial, and the Seventh Circuit Court of Appeals dismissed her appeal. (Obj. to R. & R. at 1.)

On November 29, 2018, Phillips filed a Petition for Writ of Habeas Corpus in this District pursuant to 28 U.S.C. § 2241. (Pet., Nov. 29, 2018, Docket No. 1.) Phillips claims that because the conduct she was convicted of is protected by the First Amendment and the statute of conviction was not properly enacted by Congress, her confinement is unlawful. (*Id.* at 2–3.) Magistrate Judge David T. Schultz considered the arguments and wrote a Report and Recommendation ("R&R") recommending that the Court deny the Petition. (R. & R. at 3, Dec. 12, 2018, Docket No. 2.) The Magistrate Judge noted that Phillips had already raised her arguments in her earlier § 2255 motion and that she had not shown why a § 2255 motion would be inadequate or ineffective to challenge her conviction. Because a § 2255 motion is available to Phillips, the Magistrate Judge reasoned, § 2255(e)'s exclusive provision clause stripped this Court of jurisdiction over Phillips's § 2241 petition.

Phillips now objects to the R&R. She acknowledges that a § 2255 motion would generally provide the proper vehicle for her complaints. However, Phillips argues that her § 2241 Petition is nevertheless appropriate because a § 2255 motion would be inadequate

or ineffective in this case. Specifically, she argues that a § 2255 motion is inadequate because "she has been procedurally obstructed from an effective collateral review." (Obj. to R. & R. at 4.) She states that the "Executive Committee" established by the Northern District of Illinois "has deemed Phillips a restricted filer." (*Id.* at 5.) As such, she claims that the Executive Committee has interfered with her pending § 2255 proceedings, and that a § 2255 motion is therefore an inadequate remedy with which to argue her innocence.

"'[I]n order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition.'" *Abdullah v. Hedrick,* 392 F.3d 957, 959 (8th Cir. 2004) (quoting *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). The fact that the Executive Committee may be limiting or delaying Phillips's motions does not provide cause for finding a § 2255 motion "inadequate or ineffective." Instead, the Executive Committee's actions are nothing more than a procedural barrier. Thus, Phillips has not shown why she is entitled to the savings clause of § 2255(e). Accordingly, the Court is without jurisdiction to hear her § 2241 Petition.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. The Magistrate Judge's Report and Recommendation [Docket No. 2] is **ADOPTED**.

2. Petitioner Phillip's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 27, 2019            ____s/John R. Tunheim___
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                                    Chief Judge
                                          United States District Court